IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                    22-CR-6030

ROGER ROBERTS,

           Defendant.
_____

**PLEA AGREEMENT**

The defendant ROGER ROBERTS and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

**I.    THE PLEA AND POSSIBLE SENTENCE**

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information that charges a violation of Title 18, United States Code, Section 2252A(a)(2) (Receipt of Child Pornography), for which the mandatory minimum term of imprisonment is 5 years, and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant further understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 the offense of conviction pursuant to Title

18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3. The defendant understands that the Court must impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(2), in addition to any other criminal penalty, restitution or special assessment.

4. The defendant acknowledges that, pursuant to Title 18, United States Code, Section 2259(b)(2), the Court must order restitution for the losses of the victims, but no less than $3,000 per victim. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

5. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. The defendant knowingly received a visual depiction.

b. The visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce.

c. The visual depiction was child pornography.

    d.    The defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

## FACTUAL BASIS

8.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    Beginning on or about May 5, 2020, through on or about October 19, 2020, the defendant ROGER ROBERTS, while located in the Western District of New York, engaged in sexually explicit Snapchat communications with MINOR VICTIM 1 using an Apple iPhone Model A1687 FCC ID BCG-E2944A.

    b.    MINOR VICTIM 1 is a 13-year-old girl who lives in England. At all times relevant to the Information, the defendant knew that MINOR VICTIM 1 was under the age of 18.

    c.    In the course of his conversations with MINOR VICTIM 1, the defendant persuaded MINOR VICTIM 1 to take photos and videos of herself and MINOR VICTIM 2 engaged in sexually explicit conduct, including the lascivious display of their genitals, and to send those pictures to the defendant *via* Snapchat.

    d.    MINOR VICTIM 2 is a 5-year-old girl who resided with MINOR VICTIM 1 in England. At all times relevant to the Information, the defendant knew that MINOR VICTIM 2 was under the age of 18.

    e.    At the time the defendant received the images and videos of MINOR VICTIM 1 and MINOR VICTIM 2, he knew that they constituted child pornography, as defined by 18 U.S.C. § 2256(8).

4

### III.   SENTENCING GUIDELINES

9.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

10.   The government and the defendant agree that, pursuant to Guidelines § 2G2.2(c)(1), the offense of conviction involved causing, transporting, or permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and therefore Guidelines § 2G2.1(a) applies.

11.   The government and the defendant further agree that, pursuant to Guidelines § 2G2.1(d)(1), because the offense involved the exploitation of more than one minor, Chapter Three Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.

### BASE OFFENSE LEVEL
### Minor Victim 1

12.   The government and the defendant agree that, with respect to Minor Victim 1, Guidelines § 2G2.1(a) applies and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS
### Minor Victim 1

13.   The government and the defendant agree that the following specific offense characteristics do apply with respect to Minor Victim 1:

5

a.  the two-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years]; and

b.  the two-level increase pursuant to Guidelines § 2G2.1(b)(6) [the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct].

## ADJUSTED OFFENSE LEVEL
### Minor Victim 1

14.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level with respect to Minor Victim 1 is 36.

## BASE OFFENSE LEVEL
### Minor Victim 2

15.  The government and the defendant agree that, with respect to Minor Victim 2, Guidelines § 2G2.1(a) applies and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS
### Minor Victim 2

16.  The government and the defendant agree that the following specific offense characteristics do apply with respect to Minor Victim 2:

a.  the four-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who not attained the age of 12 years]; and

b.  the two-level increase pursuant to Guidelines § 2G2.1(b)(6) [the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct].

6

## ADJUSTED OFFENSE LEVEL
### Minor Victim 2

17. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level with respect to Minor Victim 2 is 38.

## COMBINED ADJUSTED OFFENSE LEVEL

18. Based on Guidelines § 3D1.4(a), it is the understanding of the government and the defendant that the defendant's combined adjusted offense level for Minor Victim 1 and Minor Victim 2 is 40.

## ACCEPTANCE OF RESPONSIBILITY

19. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 37.

## CRIMINAL HISTORY CATEGORY

20. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

21. It is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, and taking into account the applicable statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of **210 to 240 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years and up to life**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

22. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

23. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

24. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

25. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

26. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

27. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

9

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

28.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant at 21-mj-4071.

29.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

30.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 21, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's

10

sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

31. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

32. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 21, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

33. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon the execution of a search warrant:

   a.   One (1) Apple iPhone Model A1687 bearing FCC ID: BCG-E2944A;

   b.   One (1) Apple iPhone Model A1688 bearing FCC ID: BCG-E2946A; and

   c.   One Dell computer tower, Model D16M, bearing Service Tag number 93BXV52.

34. Since the computer, related media and online account(s) were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computers and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

35. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

36. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the

forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

37. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.  TOTAL AGREEMENT AND AFFIRMATIONS

38.  This plea agreement represents the total agreement between the defendant, ROGER ROBERTS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

Dated: March 14, 2022

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signed)*
MEGHAN K. MCGUIRE
Assistant United States Attorney
United States Attorneys Office
100 State Street, Room 500
Rochester, New York 14614

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Gary Muldoon, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ROGER ROBERTS
Defendant

Dated: March 14, 2022

_____
GARY MULDOON, ESQ.
Attorney for the Defendant

Dated: March 14, 2022

14