IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.                                          22-CR-6030

ROGER ROBERTS,

            Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has reviewed the Revised Presentence Investigation Report ("PSR") submitted by the United States Probation Department on June 13, 2022 (Dkt. 25) and has no objections thereto except as to the application of the two-level enhancement under Guidelines § 2G2.1(b)(2)(A) (offense involved the commission of a sexual act or sexual contact). The PSR includes this enhancement (¶¶ 74 and 82); the plea agreement does not. Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate for the calculation in the plea agreement.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Pursuant to the plea agreement, it is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, the defendant's sentencing range is a term of imprisonment of 210 to 240 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years and up to life. Respectfully, based upon the factors discussed in the PSR and the plea agreement, the government asks the Court to impose a term of imprisonment within the guideline range. The government submits that such a sentence will satisfy the sentencing factors that the Court is to consider pursuant to Title 18, United States Code, Section 3553(a).

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing.  Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>Asset Forfeiture/Financial Litigation Unit
>U.S. Attorney's Office – WDNY
>138 Delaware Avenue
>Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly

contacted regarding collection of the financial obligation(s).

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

DATED: Rochester, New York
June 15, 2022

TRINI E. ROSS
United States Attorney

BY: s/Meghan K. McGuire
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
100 State Street
Rochester, New York 14614
(585) 399-3922
Meghan.McGuire@usdoj.gov